### LE BLANC & AL. vs. VIATOR & ALS.

APPEAL from the court of the fifth district,

MARTIN, J. delivered the opinion of the

LE BLANC
  & AL.
    vs.
VIATOR &
  AL.

Vacant lands do not generally pass without a written grant·

But to this there are exceptions.

In an action of trespass for cutting timber, the measure of damages is the value of the timber destroyed considering its distance from other timber.

Parol evidence cannot be received of an alleged practice of Spanish surveyors, to exclude swamps in surveying land granted in the Attakapas.

court.    This is an action of trespass for cutting timber in the cypress swamp of the plaintiffs.

The defendants pleaded the general issue, and that they are proprietors and reside on large tracts of land granted more than thirty years ago, by the Spanish government, to Francis Legura, and other emigrants from Spain to Louisiana, to whom the said cypress swamp was granted in common—and the defendants as heirs or vendors of the said emigrants, are entitled to cut and carry away cypress trees in said swamp, for the use of their respective plantations—they pleaded the prescripts of thirty, twenty and ten years.

There was a verdict, and judgment against them, and they appealed.

Our attention has been called to several bills of exception.

1. The first is to the opinion of the court, refusing to permit parol evidence to be given, that the *locus in quo* was assigned to the Spanish emigrants to Nova Iberia, by the commandants, and agents of the king of Spain, to afford them building timber—except to prove possession in support of the plea of prescription.

2. The next was to the charge of the court,

Western Dis't
*Sept*, 1827.

Le Blanc
& al.
*vs.*
Viator &
al.

that if the jury allowed damages, they should confine themselves to trespasses committed after notice of the plaintiff's title and before the inception of the suit, taking into consideration the defendants' good faith, and if the jury believed the defendants had trespassed after notice, the measure of damages should be the real value of the timber destroyed, considering the plaintiff's situation.

3. Another was to the rejection of Johnston, the surveyor appointed by the court, who was offered as a witness to prove that part of the survey, by him returned, was accurately taken from the field notes, of another survey made by him, in 1814, under the authority of the U. S.

4. Another, was to the admission of the same person to prove, that the survey returned to this court, was returned by him, to the office of the principal deputy surveyor, and approved by the latter.

5. A fifth was to the rejection of parol evidence, that during the latter part of the Spanish government in Louisiana, no grant of cypress land was made in the Attakapas, by the governor and commandants—that surveyors, in laying out new grants, stopped at cypress

WesternDis't
*Sept* 1827.

LE BLANC
& AL.
*vs.*
VIATOR &
AL. swamps, in running back, and the general understanding among the officers of the king and his other subjects, was, that the cypress timber not theretofore purchased, was reserved to the people of Attakapas, in common.

6. Another, was to the permission given by the court to the plaintiff's counsel, to ask one of these witnesses, "What was, in his opinion, the diminution in value of the property in dispute?" considering its situation and remoteness, from other timber, in consequence of the waste committed by the defendants.

7. The last was to the refusal to admit in evidence, a book, in which were entries of supplies, by the Spanish government, to Jerome Ganido, a Spanish emigrant.

I. It is true, as a general principle, that patent lands do not pass without a written grant, but to this there are exceptions.

In the case of *Gonzalez* vs. *Sanchez & wife*, we held that a Spanish emigrant, placed by government on the bayou La Fourche, needed not to produce a grant to establish his title, to the land on which he had been located; and it is sufficient that he should establish by parol testimony, that the king's officers had placed him thereon, and designated the metes and

bounds of his land; and we stated the ground
of this opinion, 11 *Martin*, 207. We see no reason to be dissatisfied with it. If after lo-

cating 120 settlers, of Nova Iberia, the officers of Spain, assigned a neighboring swamp in the neighborhood, as a place, the lumber of which they were to enjoy in common—we are unable to say that this assignment to all cannot be proven by parol, while the assignment of a tract to each individual may. We think the court erred in the opinion to which the first bill of exception was taken.

II. It does not appear to us that the defendants were injured by charge of the court—the measure of the plaintiff's damages, if any were done, was certainly the actual value of the timber, considering its distance from other timber.

III. & IV. The surveyor having made his return, and filed his plot, it was unnecessary to ask him any question as to the manner in which it had been effected—and it could derive no additional validity from its conformity to another plan, filed in the office of the deputy attorney general of the U. S. and approved by that officer.

V. Parol evidence was properly rejected

Western Dist of the alleged practice of Spanish surveyors, in
Sept, 1827.
excluding swamps, in surveying lands granted
Le Blanc
& al. in the Attakapas.

vs.
Viator &
al.       VI. The district court did not, in our opin-
ion, err in allowing the plaintiffs to ask a wit-
ness, what was the diminution in value of the
*locus in quo*, (by the waste committed on it)
considering the distance of other timber.—For
the solution of this question was necessary to a
just assessment of damages according to the
rule we have laid down, in considering the se-
cond bill of exception.

VII. The book of Jerome Ganido, between
whom, and either of the parties, there appears
no connection—cannot be evidence for the de-
fendants.   The circumstance of his having
been an emigrant like them, and having recei-
ved supplies from the royal stores, are of no use
in deciding the present case.

It is therefore, ordered, ajudged, and de-
creed, that the judgment of the district court,
be annulled, avoided, and reversed, the verdict
set aside, and the case remanded to the dis-
trict judge, directed to allow parol evidence of
the assignment of the *locus in quo*, as a com-
mon to the settlers—and that the plaintiffs and
appellees pay costs in this court.

*Simon & Brownson* for the plaintiffs, *Ba-*
*ker & Bowen* for the defendants.